UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2016
David J. Bradley, Clerk

| | |  |
|---|---|---|
| Laura Grainger, et al., | § | |
| Plaintiff, | § | |
| versus | § | Civil Action H-16-915 |
| The City of Houston, et al., | § | |
| Defendants. | § | |

## Opinion On Dismissal

Laura Grainger and Jamal Caliste worked in the City of Houston's Public Works and Engineering Department. Grainger managed Caliste. Grainger drafted a memorandum for the director of the department to sign. After he edited her first draft, Grainger gave the letter to Caliste. Caliste incorporated the edits, affixed the director's signature, and distributed the letter.

Later, Houston's head of security told Grainger and Celiste that they had forged the director's signature on the memorandum. Over two days they were interviewed and told that they could voluntarily resign or be fired. Grainger and Caliste admit that they knew a voluntary resignation – unlike being fired – would not hurt each of their employment records. Each voluntarily resigned.

Grainger and Caliste filed a complaint with the Civil Service Commission. The Commission is a neutral, three-person panel used by the city to review firings and resignations. Grainger and Caliste told the Commission that (a) there was no cause to fire them, and (b) each of their resignations was coerced and involuntary. The Commission heard testimony about the justification for their firing but only evaluated if their resignations were coerced. The commission found that each voluntary resigned – they were not coerced.

Grainger and Caliste filed a petition appealing the Commission's decision. Houston removed couching their claims as a due process violation because decisions by the Commission are final and cannot be appealed.[1]

---

[1] See Article Va, § 3 of the City of Houston Charter.

Grainger and Caliste each voluntarily relinquished their property interest in their employment when they resigned. Houston gave both women the choice of being fired or resigning after each had explained their side of the story. They could have demanded to be fired, called an attorney or pastor, walked out of the room, or asked for more time to decide. Instead, each voluntarily signed a resignation letter after having weighed the benefits of resignation over termination. It cannot deprive them of what they willfully gave away. They cannot choose one option to their benefit and recant its authenticity to sue.

Grainger's and Caliste's claims will be dismissed with prejudice.

Signed on April 21, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge